IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| THOMAS BURNS, #226 375 | * | |
| Plaintiff, | * | |
| v. | * | 2:09-CV-100-WHA |
| | | (WO) |
| LOUIS BOYD, WARDEN, *et al.*, | * | |
| Defendants. | * | |

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Easterling Correctional Facility located in Clio, Alabama, files this 42 U.S.C. § 1983 action alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States are being abridged as a result of various conditions he is subjected to in the prison. Plaintiff names as one of the defendants Commissioner Richard Allen. Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against Commissioner Allen prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.  DISCUSSION

*A. Commissioner Allen*

The complaint names Commissioner Allen as a defendant in these proceedings. Plaintiff does not assert specific allegations against Allen in his complaint. At most, Plaintiff's claim is that Allen, as Commissioner for the Alabama Department of Corrections, is liable for the conduct of his subordinates who oversee the operations of the prison.  The law is settled that  there is no *respondeat superior* liability for a § 1983 claim. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978);  *Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001) (*en banc* ).  Accordingly, Plaintiff's claims against Commissioner Allen are due to be dismissed.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against Commissioner Allen be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2.   Commissioner Allen be DISMISSED as a party to this complaint; and

3.   This case with respect to the remaining defendant be referred back to the undersigned for additional proceedings.

 It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 3, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.

Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 20th day of February, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE