IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| THOMAS BURNS, #226 375 | * | |
| Plaintiff, | * | |
| v. | * | 2:09-CV-100-SRW |
| | | (WO) |
| LOUIS BOYD, WARDEN, | * | |
| Defendant. | * | |

_____

**MEMORANDUM OPINION**

Plaintiff, an inmate in the custody of the Alabama Department of Corrections, files this 42 U.S.C. § 1983 action against Warden Louis Boyd. In the complaint, as amended, Plaintiff asserts a denial of access to courts, unconstitutional conditions of confinement, and equal protection violations. For relief, Plaintiff requests that the State fix the problems with the law library at the Easterling Correctional Facility and make tobacco products available at the institution. (*Doc. Nos. 1 and 6*.) Plaintiff is no longer incarcerated at the Easterling Correctional Facility.[1]

Upon consideration of the pleadings filed in this case, the court concludes that the instant complaint is due to be dismissed as the claims raised therein are moot.

---

[1] *See http://www.doc.state.al.us/inmsearch.asp*.

# I. DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen,* 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." U.S. Const. Art. III, 2. "The doctrine of mootness is derived from this limitation because an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County School Bd.,* 112 F.3d 1475, 1477 (11th Cir. 1997). "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer,* 819 F.2d 1030, 1034 (11th Cir. 1987). Federal courts are not permitted to

rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990).

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the Eleventh Circuit Court of Appeals determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted); *see also Darring v. Kincheloe,* 783 F.2d 874, 876-77 (9th Cir. 1986) (after an inmate is transferred, there is neither a "reasonable expectation" nor a "demonstrated probability" that the inmate will return to the prison against which he sought injunctive relief and therefore claim for injunctive relief is moot). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

Plaintiff is no longer incarcerated at the Easterling Correctional Facility. He is, therefore, no longer subject to the conditions about which he complained when he filed this action, and there is no longer a case or controversy to litigate. Accordingly, Plaintiff's complaint is due to be dismissed as moot. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Murphy v. Hunt,* 455 U.S. 478, 481-82 (1982); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show

3

a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

## II. CONCLUSION

In light of the foregoing, Plaintiff's complaint will be DISMISSED with prejudice as moot. A separate order follows.

DONE, this 25th day of January, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE